United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNETH MUFSUD,<br><br>　　　　Defendant. | Case No.: C 13-3546 JSC (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming that Defendant violated his constitutional rights in the course of prosecuting him. His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed without prejudice to Plaintiff bringing his claims in a petition for habeas corpus.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff claims that Defendant Kenneth Mufsud, a Deputy District Attorney at the Alameda County District Attorney's Office, violated his constitutional rights while prosecuting him. This prosecution led to Plaintiff's conviction and present incarceration. Specifically, Plaintiff claims that defendant withheld exculpatory evidence, knowingly presented false evidence at trial, and committed other unspecified violations of Plaintiff's Fifth and Sixth Amendment rights.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotations and citations omitted).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under §

1983." *Id.* Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition). Plaintiff's claims challenge the lawfulness of his confinement on the grounds that the prosecutor violated his constitutional rights during the course of his trial. These claims, if successful, would entitle him to release from confinement. Consequently, Plaintiff must bring his claims in a petition for a writ of habeas corpus, not a civil rights complaint.

## CONCLUSION

For the reasons set out above, the complaint is DISMISSED without prejudice to Plaintiff filing a petition for a writ of habeas corpus in which he raises his claims that the prosecutor violated his constitutional rights.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE